IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PATSY G. CORNELIUS                                                                    PLAINTIFF
*On behalf of K.C.* A MINOR

vs.                              Civil No. 4:17-cv-04038

NANCY A. BERRYHILL                                                                    DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Patsy G. Cornelius ("Plaintiff") brings this action on behalf of K.C., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying K.C.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

In a determination dated April 24, 2009, K.C. was found to be disabled as of January 1, 2009. (Tr. 137). On May 12, 2014, it was determined that K.C., who was 6 years old, was no longer disabled as of May 1, 2014. *Id.* This determination was upheld upon reconsideration. *Id.*

Thereafter, Plaintiff requested a video hearing before an ALJ. (Tr. 137). On January 28, 2016, the ALJ held a video hearing. (Tr. 153-172). Plaintiff, a witness for Plaintiff, and K.C.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____." The transcript pages for this case are referenced by the designation "Tr."

testified at this hearing. *Id.*

On April 12, 2016, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of K.C. (Tr. 134-148). In this decision, the ALJ determined the most recent favorable medical decision finding that the claimant was disabled is the determination dated April 24, 2009. (Tr. 140, Finding 1). This is known as the "comparison point decision" or CPD. (Tr. 140, Finding 1). At the time of the CPD, the claimant had the following medically determinable impairment: learning disability. *Id.* The ALJ noted this impairment was found to meet section(s) 112.05C of 20 CFR Part 404, Subpart P, Appendix 1. *Id.*

The ALJ then found medical improvement occurred as of May 1, 2014. (Tr. 140-141, Finding 3). The ALJ also determined that since May 1, 2014, the impairment K.C. had at the time of the CPD does not meet or medically equal section 112.05C of 20 CFR Part 404, Subpart P, Appendix 1 as that listing was written at the time of the CPD. (Tr. 141, Finding 4). Specifically, the ALJ found "no recent cognitive testing has established that the claimant has the low IQ scores outlined in the Listing." *Id.* The ALJ then determined that since May 1, 2014, the impairment K.C. had at the time of the CPD did not meet or medically equal the requirements of any of the Listing of Impairments. (Tr. 141-147, Findings 6, 9). Based upon these findings, the ALJ determined K.C.'s disability ended as of May 1, 2014, and K.C. had not become disabled again since that date. (Tr. 148, Finding 10).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. On May 10, 2017, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On May 30, 2017, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 1, 2017. ECF No. 5. Both Parties have filed appeal briefs. ECF

Nos. 11-12. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409.

Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 1999, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself,

and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005) (unpublished). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3.     Discussion:**

In Plaintiff's appeal brief, she claims the ALJ erred in finding K.C.'s impairment did not meet or was not functionally equivalent to a Listing. ECF No. 11 at 1-20. Specifically, Plaintiff references records submitted by her attorney to the Appeals Council after the ALJ's hearing decision. (Tr. 8-133). The ALJ did not have the opportunity to review these records. Thus, the issue in this case is whether this case should be reversed and remanded to afford the ALJ the opportunity to review those records.

In these records, K.C.'s teachers reported (among other things) that K.C. is failing in reading and in math and has a "serious problem" in expressing ideas in written form, learning new material, recalling and applying previously learned material, and applying problem solving skills in class discussions. (Tr. 20). In these records, clinical and neurological psychologist Dr. Rafael F. Otero,

5

Ph.D. found K.C. had a "poor" prognosis and diagnosed her with disruptive, impulse-control, and conduct disorder and with other personality and behavior disorders due to a known physiological condition. (Tr. 15). Notably, the "known" physiological condition is K.C.'s being born with cocaine in her system. (Tr. 10).

Pursuant to 42 U.S.C. § 405(g) (2015), the Court is permitted to remand an action when there has been "a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." In the present action, the Court finds the records Plaintiff's counsel submitted subsequent to the ALJ's decision are new records that, for the reasons outlined above, are material or important in this determination.

Furthermore, Plaintiff was unrepresented at the hearing on January 28, 2016, but she obtained counsel on October 8, 2016. (Tr. 32). Thereafter, these records were submitted by her counsel. The Court finds this is sufficient "good cause" for Plaintiff's failure to incorporate these records prior to the ALJ's decision. Accordingly, pursuant to 42 U.S.C. § 405(g), the Court remands this action to the SSA for further consideration of these additional records.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff on behalf of K.C., must be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 16th day of April 2018.**

                                                      /s/  Barry A. Bryant  
                                                      HON. BARRY A. BRYANT  
                                                      U.S. MAGISTRATE JUDGE